# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **OLYMPIC STEAKHOUSE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-CV-2191 |
| ) | |
| **WESTERN WORLD INSURANCE** ) | JURY DEMAND |
| **GROUP, STEVE NASH, and** ) | |
| **JS HELD, LLC** ) | |
| ) | |
| Defendants. ) | |

## WESTERN WORLD INSURANCE COMPANY'S
## MOTION FOR PARTIAL DISMISSAL

Comes now Defendant, Western World Insurance Company ("Western World"), improperly named as "Western World Insurance Group," by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its Motion for Partial Dismissal of the Plaintiff's Complaint would state as follows:

On or about February 23, 2023, the Plaintiff filed a civil action in the Chancery Court for Crockett County at Alamo, Tennessee, against Western World, J.S. Held, LLC, and Steve Nash styled *Olympic Steakhouse v. Western World Insurance Group, et al.*, Case No. 10852. Western World was served through the Tennessee Commissioner of Insurance on March 6, 2023. Western World timely removed this action from the Chancery Court for Crockett County at Alamo, Tennessee, to the United States District Court for the Western District of Tennessee on April 3, 2023,

on the basis of diversity jurisdiction. Western World asserted before this Court that Steve Nash and J.S. Held, LLC, had both been fraudulently joined as Defendants for the sole purpose of attempting to defeat diversity jurisdiction.

Plaintiff sued Western World alleging various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act ("Act")[1] (Tenn. Code Ann. § 56-53-103). As more fully stated in Western World's memorandum of law, Western World submits this Motion because the facts as pleaded fail to state a claim upon which relief may be granted with respect to Counts I, II, IV, and V.

With respect to Counts I and II of the Complaint, the appraisal clause of the policy provides that the insured and Western World will both select an appraiser. Those chosen appraisers will then select an umpire for the appraisal process. Western World has appointed an appraiser, and but-for the filing of this lawsuit, the appraisal process would be underway as to the value of the property and the amount of loss as to the items that coverage is agreed upon. Therefore, Counts I and II of the Complaint are not ripe for consideration and should be dismissed.

---

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act." See Tenn. Code Ann. § 56-53-103.

With respect to the Act in Count V, the section cited by Plaintiff specifically refers to *insureds* presenting information to an insurer during the claims handling process rather than any act/omission of an insurer. *See* Tenn. Code Ann. § 56-53-103(a)(1). The second portion of the Act specifically deals with the sale or solicitation for sale of an insurance policy. *See* Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiff's Complaint is completely devoid of any factual allegations that could be viewed as a violation of the Act. Further, Count IV for punitive damages has no legal basis as the only remaining Count is regarding breach of contract under which punitive damages may not be recovered. Western World relies upon and incorporates its contemporaneously filed memorandum of law in support hereof as if fully stated herein.

WHEREFORE, premises considered, Western World respectfully requests this Court grant this Motion and dismiss, with prejudice, all claims made by Plaintiff relating to the allegations in Counts I, II, IV, and V.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Jordan D. Watson
JORDAN D. WATSON (BPR #038242)
Attorney for Defendant,
Western World Insurance Group
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
jwatson@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 24, 2023, I electronically filed the foregoing pleading using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, Tennessee 38119

JS Held, LLC
Steve Nash
1441 New Hwy 96 W, Suite 2, 202
Franklin, TN 37064

                                      BY: /s/ Jordan D. Watson
                                      JORDAN D. WATSON (BPR #038242)
                                      Attorney for Defendant,
                                      Western World Insurance Group
                                      736 Market Street, Suite 1320
                                      Chattanooga, TN 37402
                                      (423) 648-9832 / (423) 648-9869 FAX
                                      jwatson@carrallison.com