IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| OLYMPIC STEAKHOUSE | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No.: 1:23-cv-02191-JDB-jay |
| | ) | |
| WESTERN WORLD INSURANCE GROUP, STEVE NASH AND J & S HELD LLC | ) | |
| | ) | |
| Defendants | | |

**MEMORANDUM RESPONSE TO WESTERN WORLD INSURANCE GROUP'S PARTIAL MOTION TO DISMISS**

I. INTRODUCTION

This civil action arises out of an insurance coverage dispute. The claims for appraisal are ripe, and the complaint states plausible claims for punitive damages for breach of contract and the unlawful insurance act. Thus the partial motion to dismiss [DE 15] should be denied.

II. RELEVANT FACTS

The facts are set forth in the Complaint. DE 1

III. ANALYSIS

A. *Unlawful Insurance Act*

1. Relevant Statutory Provisions

Tenn. Code Ann. § 56-53-103[1] provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

---

[1] The entire text of this section is filed in 1:23-cv-01092-STA-jay at DE 19-1.

1

a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, ….. …… …… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

…..

   i. ……..

   ii. A claim for payment or benefit pursuant to any insurance policy;

   iii. Payments made in accordance with the terms of any insurance policy; or

………

2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-53-101 provides in relevant part that:

4."Insurance professional" means ………..adjusters……………………

5. "Insurance transaction" means a transaction by, between or among:

      a. An insurer or a person who acts on behalf of an insurer; and

      b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……

8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity;

    2. <u>Tennessee Statutory Construction Principles</u>

Clear and unambiguous statutes will be enforced according to their clear terms. *Lind v. Beaman Lodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011). Every word of the statute will be given effect. *Id.* New statutory provisions that do not repeal or over-rule pre-existing law by express terms or implication are cumulative. *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The Courts presume the Legislature knew the law when it enacted statutory provisions. *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 23 (Tenn. 2014). Statutes involving the same subject matter are construed *in pari materia*. *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010). Specific statues control over general statutes. *Id*. At 582. Judicial construction of statutes become part of the statute. *Blank v. Olsen*, 662 S.W. 2d 324, 326 (Tenn. 1983) and *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).

Remedial statutes provide a means or method where wrongs can be address and relief obtained. *In the Matter of MAH*, 142 S.W.3d 267, 273 (Tenn. 2004). Remedial legislation is

3

construed liberally. *Ferguson v. Middle Tennessee State University*, 451 S.W.3d 375, 381 (Tenn. 2014).

In *Craighead v. Bluecross Blueshield of Tennessee*[2], 2008 WL 3069320 (M2007-01697-COA-R3-CV), Slip Op.at 3 (Tenn. Ct. App. July 1, 2008), the Tennessee Court of Appeals held that the unlawful insurance act applies to anyone who commits and unlawful insurance act.  It reach was not limited to insured's only. *Id.*  In *Green, et al v. Mutual of Omaha*, 2:10-cv-2487, Slip Op at 25 (W.D. Tenn. January 13, 2011)[3], this Court found that the Unlawful insurance act applied to insurers.

    3.    <u>The Rule against Surplusage.</u>

In *Snodgrass v. Snodgrass*, 295 S.W.3d. 240, n.1 (Tenn. 2009) and *In re Davis*, 960 F.3d 346, 354-355 (6th Cir. 2019).  Both the Tennessee Supreme Court and the Sixth Circuit approved of the rule against surplusage.  This a corollary of the principle that every word of the statute will be given effect[4]. *Lind v. Beaman Lodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).  By definition, insurance professionals are not limited to insurer adjusters, then they must include public adjusters as well.  The *Craighead v. Bluecross Blueshield of Tennessee*, 2008 WL 3069320 (M2007-01697-COA-R3-CV), Slip Op.at 3 (Tenn. Ct. App. July 1, 2008) construction that the unlawful insurance act applies to everyone became part of the statute on July 1, 2008 consistent with *Blank v. Olsen*, 662 S.W. 2d 324, 326 (Tenn. 1983) and *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).  The Court is not free to ignore *Craighead*

---

[2] The Court is not free to ignore this opinion.  *West v. American Telephone & Telegraph*, 311 US 223, 237 (1940).

[3] Western World referenced this case in its Notice of Removal but fails to acknowledge Statutes involving the same subject matter are construed *in pari materia* consistent with *Graham*.

[4] Statutory construction also requires a review of text, punctuation, structure, and subject matter. *US National Bank of Oregon v. Ind. Ins. Agents*, 508 US 439, 455 (1985).  Tennessee has also adopted this jurisprudence. *Brown v Brown*, 1996 WL 36132, Slip Op. at 2-3 (Tenn. Ct. App. 1996).

consistent with *West v. American Telephone & Telegraph*, 311 US 223, 237 (1940) and may well be *Erie*[5] bound by its premise. *Smith v. General Motors LLC*, 988 F.3d 873, 878 (6th Cir. 2021).

In order to avoid the rule against surplusage, the General Assembly would have had to replace the word "any person" with the words "claimant, or claimant's representative or the public adjuster working on behalf of the claimant" working on his behalf and would have had to limit the definition of insurance professional to "adjusters working on behalf of the insurer". It chose not to do at any time after July 1, 2008 and thus let the *Craighead* construction stand.

4. Sixth Circuit Standard for Motions to Dismiss

In *Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419, 424-25 (6th Cir. 2013), and *Majestic Building Maint. Inc., v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) the Sixth Circuit held a district court must accept all well-pled factual allegations as true and construe the entire complaint in the light most favorable to the Plaintiff. The complaint must contain enough facts to state a claim that is plausible on its face. *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780 (6th Cir. 2016). Legal conclusions couched as factual allegations need not be accepted as true. *Hall v. US Bank, N.A.,* 626 Fed. Appx 114, 116 (6th Cir. 2015). Inferential allegations are sufficient. *White v. Coventry Health Life & Life Ins. Co.*, 680 Fed. Appx. 410, 413 (6th Cir. 2017). The Court must decline to consider any matters not contained or incorporated into the complaint that are not public record. *Bah v. Attorney General of Tennessee*, 2014 WL 2589424, Slip Op. 5-6 (W.D. Tenn. June 10, 2014). There is no doubt that exhibits to the complaint are part of the complaint. Rule 10(c) of the Federal Rules of Civil Procedure.

5. Application to case at bars.

This Court is bound by *West* and *Smith* and should be persuaded by its own precedent that

---

[5] *Erie v. Thompkins*, 304 US 64, 78 (1938)

Plaintiff can establish plausible unlawful insurance act claims against Western World.    Plaintiffs can plausibly plead that defendants made false statements of fact to the insured's and their public adjuster William Griffin or insured's agent and are thus liable under § 56-53-103.   Moreover, *Craighead* has become part of the statute consistent with *Blank* and *Hill*.

   B. Punitive Damages

   6.   <u>Western World's punitive damage argument is foreclosed by Sixth Circuit precedent.</u>

In *Lindenberg v. Jackson National Life,* 912 F.3d 348, 357-359 (6th Cir. 2018)), the Sixth Circuit and this Court held punitive damages are available for breach of contract actions if the conduct rises to a level of recklessness.    Paragraph 23 of the Complaint alleges recklessness on the part of Western World.    Thus, this aspect of the motion to dismiss should be denied.

   C. Appraisal is Ripe for Adjudication

   7.   <u>The appraisal claims remain ripe.</u>

In *Dealer Computer Services v. Dobbs Herring Ford,* 623 F.3d 348, 351 (6th Cir. 2010) the Sixth Circuit held that the factors to consider in a ripeness determination are: (1) likelihood that the harm would ever come to pass (2) hardship if judicial relief denied (3) factual record developed.   The parties have not selected an umpire, and the carrier has not waived any objection to an appraisal award based on coverage or causation[6].    Merely because the carrier selected an appraiser does not render this issue of appraisal or selection of an umpire unripe or moot. *Artist Building Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202 (Tenn. Ct. App. 2014).   Thus, this aspect of the motion to dismiss should be denied as well because this issue would likely be relitigated again if dismissed at this juncture.

---

[6] The validity of the appraisal does not effect the insurers right to deny coverage or causation.   *J. Wise Smith and Associates, Inc. v. Nationwide Mutual Ins., Co.,* 925 F.Supp. 528, , n.3.    (W.D. Tenn. 1995).

6

IV. CONCLUSION

The Court should deny the Western World's Partial Motion to Dismiss.

Respectfully submitted,

 /s/Drayton D. Berkley
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN  38177

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

JORDAN D. WATSON (BPR #038242)
CARR ALLISON
736 Market Street, Suite 1320
Chattanooga, Tennessee 37402
Attorney for Defendant, Western World Insurance Group

This, the 11th day of May 2023

 /s/Drayton D. Berkley
**Drayton D. Berkley**