IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OLYMPIC STEAKHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-02191-JDB-jay |
| | ) | |
| WESTERN WORLD | ) | |
| INSURANCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Before the Court is the motion of Defendant, Western World Insurance Group ("Western World"), to partially dismiss Plaintiff, Olympic Steakhouse's ("Olympic"), complaint against it. (D.E. 15.) Olympic has responded.[1] (D.E. 25.) For the following reasons, Defendant's motion is GRANTED in part and DENIED in part. Furthermore, Plaintiff and Plaintiff's counsel are ORDERED TO SHOW CAUSE why they should not be sanctioned for misleading the Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining if dismissal is appropriate, the court "must accept the complaint's well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett*

---

[1] Plaintiff's response was untimely under both the Local Rules and a show cause order. (D.E. 23.) The Court warns Olympic and its counsel that it will not tolerate violations of its Local Rules and orders in the future. Nevertheless, despite sanctions being warranted by Plaintiff's tardiness, the Court declines to impose them at this time and proceeds to consider Defendant's motion on the merits.

*v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).   "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive, a complaint "must state a claim to relief that rises 'above the speculative level' and is 'plausible on its face.'" *Luis*, 833 F.3d at 625 (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Because it is "context-specific," a court must rely upon its experience and common sense to ascertain whether a claim is plausible. *Creative Bus., Inc. v. Covington Specialty Ins. Co.*, 559 F. Supp. 3d 660, 665 (W.D. Tenn. 2021) (citing *Iqbal*, 556 U.S. at 679).   "[I]f it appears beyond doubt that the plaintiff can prove no set of facts . . . that would entitle it to relief, . . . dismissal is proper." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 272 (6th Cir. 2016) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 515 (6th Cir. 1999)).   Although a court typically should not regard matters outside the pleadings, it "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, [if] they are referred to in the complaint and are central to the claims contained therein . . . ." *Gavitt*, 835 F.3d at 640 (citations omitted).

FACTUAL BACKGROUND

Western World insured property owned or operated by Olympic at 5711 Highway 412 in Bells, Tennessee.[2]   (D.E. 1-1 at PageID 14.)   On February 17, 2021, a freeze and snowstorm

---

[2]   The following facts are taken from Plaintiff's complaint and its attachments and are accepted as true for purposes of this Rule 12(b)(6) motion.  *See Gavitt*, 835 F.3d at 640 (noting that a court may consider a complaint's attachments on a motion to dismiss).

damaged the real property.  (*Id.*)  Defendant assigned adjuster Ludwig Blake to Plaintiff's claim, who made a payment for the damage in the amount of $15,127.66 on March 25 based on an estimate provided by an independent adjuster, Casey Newport.  (*Id.* at PageID 14, 31–45.)

On October 27, Steve Nash of J.S. Held, LLC,[3] who was retained by Defendant to investigate Plaintiff's claim, issued a report estimating Olympic's loss.  (*Id.* at PageID 16–17.)  In his opinion, Nash stated, "J.S. Held recommends that all costs that are anticipated to be part of the claim are submitted for review prior to executing contracts."  (*Id.* at PageID 50.)  Nash added, "To the extent that repair costs proceed on a time and materials basis, we recommend that the adjustment team monitor these repairs and that the insured keep appropriate records, sign in sheets and documentation of these repairs."  (*Id.*)  Nash made this statement despite the insurance policy not requiring these additional requirements for repairs.  (*Id.* at PageID 16.)  Furthermore, Nash omitted from his report known damage that Defendant had already acknowledged as covered in its prior payments, as well as damage recognized by Western World.  (*Id.*)  Defendant partially relied on Nash's opinion in reaching its damage calculation.  (*Id.*)

Western World remitted another payment to Olympic for $12,368.60 on November 1, 2021.  (*Id.* at PageID 46–49.)  In a letter to Plaintiff that day, Blake recited the following facts:

> On February 24, 2021[,] you reported damage to the roof on 02/17/2021.  Our inspection of the building found no storm or weather related damage to the roof. The roof damaged [sic] is due to wear & tear over an extended period of time, not from this one event.  This long term damaged [sic] appears to be the result of inadequate or improper construction of the roofing material and pre-existing damages.  Unfortunately, Western World is unable to provide coverage or issue any payment for this loss as it relates to the claim of damages to the roof from the freeze, as the damage observed is either excluded under the policy or was not caused by a covered cause of loss.

---

[3] Neither Steve Nash nor J.S. Held, LLC, are defendants to this action.  (D.E. 28.)

(*Id.* at PageID 15, 47.)  Blake then listed the general exclusions before noting that the "exclusion[s] for wear and tear, decay or deterioration . . . [c]ontinuous or repeated seepage or seepage of water and . . . [f]aulty, inadequate or defective design, workmanship or construction" prevented Western World from "provid[ing] coverage or issu[ing] any payment for this loss."  (*Id.* at PageID 48.)

Olympic demanded an appraisal in writing on January 27, 2023, and named an appraiser consistent with the policy.  (*Id.* at PageID 17.)  Western World responded through counsel on February 9.  (*Id.*)  While acknowledging Olympic's demand, the letter also discussed the policy's terms and the parties' compliance.  (*Id.*)  Defendant's counsel wrote that "there are both price and scope differences present between [our] two estimates."  (*Id.*)  Counsel added, "The appraisal provision in the policy is to resolve differences in the price of the repairs which Western World determined were covered.  Appraisal cannot be used to resolve disputes regarding covered damages."  (*Id.* at PageID 63.)  Accordingly, though it appointed an appraiser, Defendant noted that the appraisal would not affect its determinations about coverage, only the value of the damage it had already conceded as covered.  (*Id.*)  Notably, Western World listed Randy Ison of J.S. Held, LLC, to serve as its appraiser despite Steve Nash's prior role in Defendant's investigation.  (*Id.* at PageID 17.)  Unsatisfied with the response to its demand, Olympic filed this action on February 23 in the Chancery Court for the Twenty-Sixth Judicial District of Tennessee at Alamo.  (*Id.* at PageID 13.)  On April 3, Defendant removed the action to this Court based on diversity.[4]  (D.E. 1.)

---

[4] Plaintiff previously moved to remand.  (D.E. 12).  The undersigned denied that motion based on the magistrate judge's recommendation.  (D.E. 24, 28.)

ANALYSIS

I.   <u>Counts 1 & 2</u>

Defendant moves to dismiss counts 1 and 2 of the complaint because Olympic's request for the appointment of a qualified umpire is not ripe.  (D.E. 15-1 at PageID 109–10.)  To support this contention, Western World notes that Plaintiff's filing of this lawsuit stopped the appraisal process, and, but for Olympic initiating this action, the parties would have selected a qualified umpire.  (*Id.*)  Thus, Defendant advocates for dismissal of these counts unless or until the parties are unable to agree on an umpire.  (*Id.* at PageID 110.)  Plaintiff responds that Western World's selection of an appraiser, alone, does not render its request for the appointment of a qualified umpire "unripe or moot."[5]  (D.E. 25 at PageID 142.)

Ripeness is a facet of a federal court's jurisdiction.  *See Ass'n of Cultural Exch. Orgs., Inc. v. Blinken*, 543 F. Supp. 3d 570, 577 (W.D. Tenn. 2021) (citing *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002)).  The doctrine prevents courts from engaging in "hypothetical questions or possibilities" while constraining them to "existing, substantial controversies." *Id.* (citing *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 263 (6th Cir. 2009)); *see In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010) (quoting *Ky. Press Ass'n v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006)).  Because ripeness is jurisdictional, courts may examine evidence outside the pleadings.  *Blinken*, 543 F. Supp. 3d at 577 (citing *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014)).  If a claim is not ripe, it must be dismissed.  *Id.* (citing *Norton*, 298 F.3d at 554).  To

---

[5] As a preliminary matter, counts 1 and 2 are requests for specific performance of the insurance contract.  (D.E. 1-1 at PageID 18–19.)  Under Tennessee law, specific performance is a remedy, not a cause of action.  *See, e.g.*, *Shuptrine v. Quinn*, 597 S.W.2d 728, 730 (Tenn. 1979) (describing specific performance as a remedy); *Hillard v. Franklin*, 41 S.W.3d 106, 111 (Tenn. Ct. App. 2000) ("Specific performance is an equitable remedy.") (quoting *GRW Enters., Inc. v. Davis*, 797 S.W.2d 606, 614 (Tenn. Ct. App. 1990)).

ascertain ripeness, courts scrutinize the following factors: "(1) the likelihood that the harm alleged will ever come to pass; (2) whether the factual record is sufficiently developed to allow for adjudication; and, (3) hardship to the parties if judicial review is denied." *Id.* (quoting *Norton*, 298 F.3d at 554). The first factor is the most important, and, "[a]s such, 'a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Defendant's justiciability argument is unavailing. Olympic's alleged harm is the parties' failure to appoint a qualified umpire. (D.E. 1-1 at PageID 17–19.) It is uncontested that the insurance policy contemplates such an appointment and that it has not occurred. (D.E. at 15-1 at PageID 110.) Consequently, "the likelihood that the harm alleged will ever come to pass" is easily satisfied because the harm—the lack of a qualified umpire under the contract—has already taken place. *See Blinken*, 543 F. Supp. 3d at 577 (citing *Norton*, 298 F.3d at 554). As this factor is readily met, and it is the most important, the Court finds this matter is ripe for adjudication because there is an existing controversy regarding the appointment of an umpire. There are no future events that must occur for Olympic to pursue its claim as it has already suffered the alleged harm. Western World has submitted no evidence to the contrary except that Olympic did not wait long enough after enduring harm to file its action. Defendant's justiciability argument, accordingly, is without merit.

## II. <u>Count 4</u>

Western World moves to dismiss Olympic's request for punitive damages by claiming that Tennessee does not permit that recovery for breach of contract. (D.E. 15-1 at PageID 114.) Plaintiff responds that the Sixth Circuit has acknowledged that Tennessee allows punitive damages

in breach of contract cases if the conduct was at least reckless, which Olympic has alleged here. (D.E. 25 at PageID 142.)

In *Lindenberg v. Jackson National Life Insurance Company*, the Sixth Circuit found that Tennessee permits punitive damages for breach of contract when the defendant acts "intentionally, fraudulently, maliciously, or *recklessly*." 912 F.3d 348, 359 (6th Cir. 2018) (emphasis added) (quoting *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013), *perm. app. denied* (Tenn. 2014)). The court quoted the Tennessee Court of Appeals in saying, "punitive damages, while generally not available in a breach of contract case, may be awarded in a breach of contract action under certain circumstances." *Id.* (quoting *Riad*, 436 S.W.3d at 276). Here, Olympic has alleged that Western World acted recklessly in its handling of Plaintiff's insurance claim. (D.E. 1-1 at PageID 19.) Viewing that allegation as true, Olympic is entitled to proceed on its request for punitive damages.

III.   Count 5

Defendant moves to dismiss count 5 because the Unlawful Insurance Act[6] does not apply to it as that statute only applies to insureds.[7] (D.E. 15-1 at PageID 110–12.) Plaintiff's response purports to quote from the Act by stating, verbatim:

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

---

[6] Plaintiff identifies the statute as the "Fraudulent Insurance Act." (D.E. 1-1 at PageID 19–23.) However, it is titled the Unlawful Insurance Act. *See* Tenn. Code Ann. § 56-53-103.

[7] Olympic has only alleged a violation of Tennessee Code Annotated § 56-53-103(a)(1), not section 103(a)(2). (D.E. 1-1 at PageID 19–23.) While Western World analyzes both in its motion, the Court declines to consider section 103(a)(2) because it is not properly before the Court. (D.E. 15-1 at PageID 112–14.)

    a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, ….. …… …… an insurance professional …….. in connection with an insurance transaction …… any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

    …..

        i.  ……..

        ii.  A claim for payment or benefit pursuant to any insurance policy;

        iii.  Payments made in accordance with the terms of any insurance policy; or

………

2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-23-101 provides in relevant part that:

4. "Insurance professional" means ……….adjusters…………………

5. "Insurance transaction" means a transaction by, between or among:

    a. An insurer or a person who acts on behalf of an insurer; and

    b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……

8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity;

(D.E. 25 at PageID 137–39.)

       This statutory recitation is incomplete, and the omitted portions prevent Plaintiff from recovering. Section 103(a)(1) of the Act, contrary to Olympic's selective reference, applies only

to insureds.  Because Plaintiff has placed the text of the statute at issue, it is set forth here in its

entirety with the portions omitted by Olympic emphasized:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant to** an **insurer,** insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction,** any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>>> **(A) The application for, rating of, or renewal of, any insurance policy;**
>>> (B) A claim for payment or benefit pursuant to any insurance policy;
>>> (C) Payments made in accordance with the terms of any insurance policy; or
>>> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added).[8]  Despite the statute's text applying only to

insureds, Plaintiff maintains that a Tennessee Court of Appeals case and a prior opinion of this

Court have held that the Act applies to insurers.  (D.E. 25 at PageID 140.)  Plaintiff's interpretation

is erroneous.

In *Craighead v. BlueCross BlueShield of Tennessee, Inc.*, the Tennessee Court of Appeals

noted in dicta that "[c]ivil liability was created for anyone who commits an 'unlawful insurance

act' as defined by Tenn. Code Ann. § 56-53-103."  No. M2007-01697-COA-R10-CV, 2008 WL

3069320, at *3 (Tenn. Ct. App. July 31, 2008).  This statement, dicta or not, does not support

---

[8] Remarkably, after misquoting the statute by omitting words, Olympic states in its response, "[e]*very word* of the statute will be given effect."  (D.E. 25 at PageID 140) (emphasis added) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011)).

Olympic's position.  All *Craighead* says is that any person may be held civilly liable for violating the Act.  *Id.*  The case does not, in its use of the term "anyone," modify the statutory language defining a violation.  The Act applies to insureds, claimants, or applicants.  Tenn. Code Ann. § 56-53-103(a)(1).  *Anyone* who is a member of those categories who commits an unlawful insurance act is liable.  *Id.*  Likewise, Plaintiff's reliance on this Court's opinion in *Green v. Mutual of Omaha Insurance Company* is misplaced.  No. 10-2487, 2011 WL 112735 (W.D. Tenn. Jan. 31, 2011).  There, the Court was referring to section 103(a)(2), which applies to insurers and is not at issue here.  *Id.* at *10.  Accordingly, the caselaw cited by Olympic is unpersuasive.

Consequently, the Act applies only to *insureds* and *their* representations to "insurer[s], insurance professional[s] or a premium finance company in connection with an insurance transaction or premium finance transaction . . . ."  Tenn. Code Ann. § 56-53-103(a)(1).  Plaintiff has not presented facts showing that Western World was acting as an insured or made any prohibited misrepresentations in that capacity.  (D.E. 1-1.)  Olympic, therefore, cannot establish that Western World violated the Act on the facts pleaded.  Thus, Western World's motion to dismiss count 5 is granted.

## ORDER TO SHOW CAUSE

Tennessee Rule of Professional Conduct 3.3(a), as adopted by this Court, provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal. . . ."  Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1); *see* LR 83.4(g).  Likewise, Federal Rule of Civil Procedure 11 declares that attorneys who submit pleadings to a court are certifying that the legal claims presented are warranted by the law or are nonfrivolous arguments to extend or change the law.  Fed. R. Civ. P. 11(b)(2).  The Rule permits a court to impose sanctions—on a motion or its own initiative—against violators.  Fed. R. Civ. P. 11(c).

Here, Plaintiff's counsel omitted significant, relevant portions of the Unlawful Insurance Act in pleadings he signed and submitted to this Court. Those omissions materially changed the statute in Olympic's favor. Without the omissions, the Act clearly applies only to insureds, not insurers or their agents. Furthermore, in an effort to shore up his position, Plaintiff's counsel misrepresented the holdings of two cases that did not say what he claimed.

While a genuine argument about the interpretation of a law is not typically misconduct, a party or counsel's repeated, blatant modification of a statute and misrepresentation of precedent to support that modification is improper.[9] Therefore, Olympic and its counsel are ordered to show cause within fourteen days why they should not be sanctioned for misleading the Court.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part. Count 5 of the complaint is DISMISSED with prejudice. Plaintiff and its counsel are ORDERED TO SHOW CAUSE within fourteen days of entry of this order why they should not be sanctioned for misleading the Court.

IT IS SO ORDERED this 19th day of September 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[9] This is not the only case in which Plaintiff's counsel has advanced this selectively modified version of the Unlawful Insurance Act to this Court. *See, e.g.*, *Anderson Eye Care of W. Tenn. v. Auto-Owners Ins. Co.*, No. 1:23-cv-01092-STA-jay (W.D. Tenn. July 3, 2023), D.E. 13-1; *Anderson v. State Auto Mut. Ins. Co.*, 1:23-cv-01047-JDB-jay (W.D. Tenn. May 1, 2023), D.E. 26-1, 27-1. As a result, Plaintiff and Plaintiff's counsel are currently subject to another pending order to show cause before this Court. *Anderson Eye Care*, No. 1:23-cv-01092-STA-jay (W.D. Tenn. Aug. 10, 2023), D.E. 17.