## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

**WILLIAM SAVEH D/B/A OLYMPIC STEAKHOUSE,**

    **Plaintiff,**

    **v.**

**WESTERN WORLD INSURANCE COMPANY,**

    **Defendant.**

**Case Nos: 1:21-cv-02373-JDB-jay**
**1:23-cv-02191-JDB-jay**

## SUR-REPLY TO PLAINTIFF'S MOTION TO SET REASONABLE UMPIRE FEE FOR COURT APPOINTED APPRAISAL UMPIRE TOBY JOHNSON AND FOR OTHER RELIEF

Court Appointed Appraisal Umpire Toby Johnson d/b/a Omega Insurance Appraisals, by and through undersigned counsel, pursuant to the Appraisal Clause in Defendant Western World Insurance Company's Policy Number NPP8664937 ("Policy") (D.E. 69-2), and this Court's Order (D.E. 120), submits his Sur-Reply to Plaintiff's Motion (D.E. 111.)

## AGENCY LAW GENERALLY

"[A] contract with a known agent for a disclosed principal is the contract of the principal unless circumstances show that the agent intended to be bound or assumed the obligations under the contract. *Holt v. Am. Progressive Life Ins. Co.*, 731 S.W.2d 923, 925 (Tenn. Ct. App. 1987). "In its broadest sense, the concept of agency includes every relation in which one person acts for or represents another. An agency relationship does not require an explicit agreement, contract, or understanding between the parties, and when the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not. Whether an agency exists is a question of fact under the circumstances of the particular case; and whether an agency has been created is to be determined by the relation of the parties as they in fact exist under

their agreement or acts." *White v. Revco Disc. Drug Centers, Inc.*, 33 S.W.3d 713, 723 (Tenn. 2000) (cleaned up). "Appraisal is the act of estimating or evaluating something; it usually means the placing of a value on property by some authorized person." *Merrimack Mut. Fire Ins. Co. v. Batts,* 59 S.W.3d 142, 149 (Tenn. Ct. App. 2001).

To establish apparent agency, one must demonstrate: "(1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment." *Mechs. Laundry Serv. v. Auto Glass Co. of Memphis*, 98 S.W.3d 151, 157 (Tenn. Ct. App. 2002). Apparent authority "is essentially agency by estoppel; its creation and existence depend upon such conduct by the apparent principal as will preclude him from denying another's agency." *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432 (Tenn. 2008).

Actual authority "consists of the powers which a principal directly confers upon an agent or causes or permits him to believe himself to possess." *Savage v. City of Memphis*, 464 S.W.3d 326, 333 (Tenn. Ct. App. 2015). "[A]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Black v. SunPath, Ltd.*, No. 3:21-cv-00023, 2022 WL 4241270, at *3 (M.D. Tenn. Sept. 14, 2022). Whether actual authority exists is a matter of what the *agent* reasonably believes based on her interactions with the principal. *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 3:18-cv-00518, 2021 WL 1946645, at *3 (M.D. Tenn. May 14, 2021).

*Application to Case at Hand*

All aspects of appraisal require authority by the insured and insurer, and an appraisal is binding to those parties if properly invoked and performed. This can be seen in *Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202 (Tenn. Ct. App. 2013), where the Court noted the parties to an appraisal are bound by appraisal panel, specifically noting "the binding nature of its [appraisal] decision." *Id.* at 219. Later in 2016, the Court of Appeals confirmed an appraisal panel decision is binding and not subject to challenge by stating "[t]he trial court properly enforced the appraisal provision of [insured's] policy and found the parties are bound by the decision of the appraisers." *Thomas v. Standard Fire Ins. Co.,* No. E201501224COAR3CV, 2016 WL 638559, at *3 (Tenn. Ct. App. Feb. 17, 2016). Based on the case law above and the Policy[1], Plaintiff was authorized to appoint an appraiser (Perri) for the appraisal process (D.E. 69-2)[2], Perri was authorized to select an umpire (*id.*), but in this case, where the appraisers could not independently agree on an umpire, the Court appointed an umpire (Mr. Johnson) (D.E. 105). Then, the parties commenced the appraisal after being made aware of the cost and expense of the umpire. (*See* D.E. 118-1, ¶¶ 11 – 23; *see also* 118-1 at #1134, 1138, 1142.)

Plaintiff provided actual authority to Perri to bind Plaintiff to Mr. Johnson's umpire fees prior to appraisal. (*See* D.E. 111-1 at #1, ¶ 1 stating "Consistent with the Order, **Plaintiff disclosed its Appraiser on June 5, 2024**. Defendant disclosed its appraiser…The appraisers attempted to agree upon an Umpire but no agreement could be had.") (Emphasis added). In the alternative, Perri had apparent authority as Plaintiff appointed Perri for the appraisal process and Perri notified and

---

[1] It is important to note that while Plaintiff highlights and underlines the word "will" in the text of the appraisal clause in his Memorandum of Law in Support of Motion to Vacate Appraisal filed in Case No. 1:21-cv-02373, in his Reply, Plaintiff neither underlines nor highlights "will" with respect to the following Policy language: "Each party will…[b]ear the other expenses of the appraisal and umpire equally." (D.E. 69-1 at #382.) Plaintiff does not explain why Plaintiff should not be made to comply with the Policy's clear payment obligation.

[2] In this case, the record contains evidence of the appointment of Perri by Plaintiff. (*See.* D.E. 101-2.)

advised Mr. Johnson and Defendant's appraiser that he was the appraiser for Plaintiff "for the appraisal for Olympic Steakhouse." (D.E. 101-2.)[3] Simply, Plaintiff cannot credibly aver Perri had neither actual authority nor apparent authority to bind Plaintiff to Mr. Johnson's umpire fee.

## **PLAINTIFF'S ARGUMENT ARE UNAVAILING**

According to *Merrimack*, insurance policies are contracts to be enforced as written:

> The courts are not at liberty to rewrite an insurance policy solely because they do not favor its terms, and must avoid forced constructions that render a provision ineffective or extend a provision beyond its intended scope. In the absence of fraud, overreaching, or unconscionability, the courts must give effect to a provision in an insurance policy when its terms are clear and its intent certain.

59 S.W.3d at 147 & 148. In 2016, the Tennessee Court of Appeals clarified the meaning and importance *Merrimack* in regard to appraisals:

> First, appraisal clauses are not the same as arbitration clauses. Second, appraisers' (and eventually umpires') scope of authority is strictly defined by the contract or other agreement of the parties, and typically that scope is limited to finalizing the valuation of damage. Third, the umpire's determinations with regards to matters within the scope of authority granted to the umpire are binding on the parties and may not be challenged in court where the challenge is only based upon the umpire's determined amount.

*Standard Fire*, 2016 WL 638559, at *3. As a result, *Merrimack* and its progeny confirm Tennessee courts construe the appraisal process as a grant of authority to neutral appraisers and an umpire to act on behalf of the parties to an insurance policy[4]. Relevantly, *Hickerson v. German-American Ins. Co.*, 33 S.W. 1041 (Tenn. 1896) holds "[a]ny attempt on the part of either party to misuse or pervert the provisions of the policy as to an appraisal, so as to unreasonably delay an adjustment, or to secure an unjust abatement of an honest loss, is a breach of good faith, and should be treated

---

[3] Defendant knew Perri had been appointed as Plaintiff's appraiser. (D.E. 101-1 at #1015.) Indeed, Perri communicated he was Plaintiff's appraiser to Mr. Johnson. (D.E. 101-2.) Further, Perri communicated to Mr. Johnson, "I'm good with your retainer and will forward it over" (D.E. 118-1 at #1142) and indicated he was authorized to handle Mr. Johnson's umpire fee by emailing Mr. Johnson that "I will reach out to the attorney regarding the payment of your retainer." (D.E. 118-1 at #1143.)

[4] *Meirowsky v. Phipps*, 222 Tenn. 112, 119-20, 432 S.W.2d 885, 888 (1968) ("An appraisal by its nature would only determine an incidental fact question, not the presence or absence of legal liability.")

as a waiver of the condition, and dispensing with the necessity of an appraisal, or warranting a resort to an action without one, if the party thus prejudiced has used all fair and reasonable means and diligence on his part to secure it. To hold otherwise would be to permit the party in fault to profit by his own wrong." *Id.* at 1044. *Hickerson* lends no support to Plaintiff's efforts to pervert the appraisal provisions to avoid his obligation to "[b]ear the … expenses of the … umpire equally." (D.E. 69-2.)

As to *Milliken Grp., Inc. v. Hays Nissan, Inc.,* 86 S.W.3d 564 (Tenn. Ct. App. 2001), Plaintiff overstates the holding. Simply, at trial, one individual testified he was given express authority to do an act, and the other party failed to offer rebuttal evidence, and thus the preponderance of the evidence fell in favor of the party who provided evidence. *Id.*[5] There is no holding in the matter stating Mr. Johnson is required to introduce testimony from Perri as to his actual authority in order to demonstrate actual authority.

## <u>CONCLUSION</u>

Plaintiff's appraiser had both, actual authority based on the express grant of authority to act as appraiser for Plaintiff which was disclosed to Mr. Johnson and Defendant, and apparent authority based on Plaintiff actually or negligently acquiescing in Perri's exercise of authority, Mr. Johnson had knowledge of the facts and a good faith belief that Perri possessed such authority, Mr. Johnson relied on this apparent authority to his detriment and performed the appraisal, and Plaintiff has refused to pay Mr. Johnson since February 2025.

---

[5] "There is nothing in the record or offered … to indicate that Mr. Spina was unavailable or unable to testify at trial. In fact, there is nothing in the record as a whole to contradict Mr. Busby's testimony that Mr. Spina authorized him to proceed with the contract with Milliken. Read as a whole, we find the evidence preponderates to support a finding of actual authority for Mr. Busby to contract with Milliken." *Milliken Grp.,* 86 S.W.3d at 569.

Respectfully Submitted,

*/s/ Matthew B. Rogers*
Brian C. Neal (TN BPR No. 022532)
Matthew B. Rogers (TN BPR No. 038777)
Burr & Forman, LLP
222 2nd Avenue South, Suite 2000
Nashville, TN 37201
615-724-3200 (office) / 615-724-3290 (fax)
bneal@burr.com / mrogers@burr.com

*Attorneys for Court Appointed Appraisal Umpire, Toby Johnson d/b/a Omega Insurance Appraisals*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1st, 2025, a copy of the foregoing has been served via the Court's CM/ECF system on the following:

David S. Farber
The Farber Law Firm
2199 Ponce de Leon Blvd., Suite 301
Coral Gables, FL  33134

Jordan D. Watson,
Carr Allison, PC
736 Market Street, Suite 1320
Chattanooga, TN 37402

John D. Drake
421 W. College Street
Murfreesboro, TN 37130

Drayton Berkley
1255 Lynnfield Road, Suite 266
Memphis, TN  38119

Allan S. Jones
Carr Allison, PC
100 Vestavia Pkwy.
Birmingham, AL  35216

*/s/ Matthew B. Rogers*