IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| OLYMPIC STEAKHOUSE ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No.: 1:21-cv-02373-JDB-jay |
| ) | |
| WESTERN WORLD INSURANCE GROUP | |

Consolidated with

| | |
|---|---|
| OLYMPIC STEAKHOUSE ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No.: 1:23-cv-02191-JDB-jay |
| ) | |
| WESTERN WORLD INSURANCE GROUP ) | |
| ) | |

Defendants

**REPLY TO REPONSE**

I.   INTRODUCTION

This civil action arises out of an insurance coverage dispute.   This response is at bottom based on a faulty foundational factual assumption which renders it without merit.   Thus, Olympic Steakhouse's motion should be granted.

II.   RELEVANT FACTS

1. The Response has as its foundation Toby Johnson's Declaration.   De 69-1

2. At no point does the declaration rely upon any document signed or authored by the principal(s) of Olympic Steakhouse confirming that Olympic Steakhouse's appraiser, Vince Perri had actual or apparent authority to bind Olympic Steakhouse to payment of the umpire's invoice.

3. The implicit assumption is that Perri had the actual or apparent authority to bind

1

Olympic Steakhouse to Toby Johnson's appraiser agreement. See DE 69 and DE 69-1.

4. Charles Murray's declaration merely echos this faulty assumption by clothing it in equivocal language that Perri had a duty[1] to inform the principal(s) of Olympic Steakhouse of his discussions with Toby Johnson regarding billing.   DE 69-3

III.   ANALYSIS

1. <u>Appraiser authority to bind principal</u>

Generally, an "appraiser's authority is limited to the authority granted in the insurance policy or granted by some other express agreement of the parties." *Merrimack Mut. Ins. Co. v. Batts*, 59 S.W.3d 142, 152 (Tenn. Ct. App. 2001). Insurance policies are construed in the same manner as any other contract. *US Bank v. Tennessee Farmer's Mutual Ins. Co.,* 277 S.W.3d 381, 386 (Tenn. 2009).  The policy incorporates the existing law on the date of issuance or renewal. *Dick Broadcasting Co. Inc., of Tennessee v. Oak Ridge FM, Inc.,* 395 S.W.3d 653, 668 (Tenn. 2013). Existing law includes statutes, regulations, and caselaw. *Dick Broadcasting Co*., Inc., at 668.  With regards to actual or apparent agency, the relevant caselaw includes *Milliken Group, Inc. v. Hays Nissan*, 864 S.W.3d 564, 567-569 (Tenn. Ct. App. 2001) and its progeny.  Apparent agency is determined from the actions of the principal and is based on estoppel principles. *Id.* On the other hand, actual agency is derives from direct authority conveyed from the principal to the agent. *Id.*

2. <u>Application to the Case at Bar</u>

The Court should find that Perri did not have actual or apparent authority to bind Olympic

---

[1] Expert opinion is inadmissible when not based in fact. *Cutlip v. City of Toledo*, 488 Fed. Appx. 107, 120 (6th Cir. 2012) (police practices expert testimony). Expert opinion is inadmissible when it reaches legal conclusions. *DeMerrell v. City Cheboygan*, 206 Fed. Appx. 418, 426-27 (6th Cir. 2006) (police practices expert testimony). Expert opinion is inadmissible when it makes factual determinations which are the province of the jury. *See Champion v. Outlook Nashville*, 380 F.3d 893, 908 (6th Cir. 2004) (expert opinion must be couched in terms of if witness testimony is credited);

2

Steakhouse to an agreement for Toby Johnson's invoice. No evidence suggests that Perri had actual authority (no testimony from Perri such as in *Milliken Group, Inc.*) and likewise there is no proof of apparent authority in that there is no proof that Perri forwarded the terms of Toby's retention to the principal(s) of Olympic Steakhouse for review prior to Toby beginning work as in *Milliken Group, Inc.*

Johnson is basically attempting to rewrite the appraisal clause to his favor to demand (1) a huge retainer (2) interest rates if you do not pay the retainer timely (3) the ability to withhold a court-ordered appraisal (similar to a retaining lien for attorneys[2]) until he is paid the retainer. Johnson also appears to be threatening to lower the anticipated award based on Plaintiff's resistance to cough up the retainer. This conduct substantially weakens his claim to be disinterested consistent with *Hickerson v. German-American Ins. Co.*, 96 Tenn. 19, 193, 33 S.W. 1041 (Tenn. 1895) (a disinterested appraiser would lack a pecuniary interest in the outcome and would not be biased or prejudiced).

In sum, Toby Johnson's arguments must fail as to express or implied contract because there is no proof that Perri had actual or apparent authority to bind Olympic Steakhouse.

3. Attorney Fees

*Contractual Attorney Fees*

Johnsons' request for attorney fees according to the insurance contract is foreclosed by the holding in *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). The *Epperson* court found that language such as "costs" or "expenses" are insufficient for a contract to provide an exception to the American Rule. *Id* at 311. Moreover, in *Nyrstar Tennessee Mines-Strawberry Plains, LLC v. Claiborne Hauling, LLC*, No. E2017-00155-COA-

---

[2] *Starks v. Browning*, 20 S.W.3d 645, 652-53 (Tenn. Ct. App. 1999).

R3-CV, pp. 5 (Tenn. Ct. App. Nov. 29, 2017) the Court of Appeals found that the language "legal expenses and costs" was also insufficient to create a contractual right to attorney fees.

*Inherent Powers of the Court Attorney Fees*

*Williamson v. Recovery Limited Partnership*, 826 F.3d 297, 301-302 (6th Cir. 2016) and *First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501, 511 (6th Cir. 2002) stand for the proposition that the Court must find that a party or participant must have acted in bad-faith to invoke its inherent power to sanction.

4. Application to the Case at Bar

Applying the foregoing standards, there is no legal or factual basis for an award of attorney fees to Johnson. There is no evidence of bad-faith to authorize the Court to invoke its inherent power to sanction consistent with *Williamson* and there is no contractual provision for "attorney fees" to be shifted to Plaintiff consistent with *Epperson*. In sum, Johnson retained his own lawyers on his own volition and is thus bound by the American Rule to pay them from his own pocket.

5. Future Course of Action.

Mr. Johnson has not finished the appraisal as he did not set an amount for those items of damage he does not agree with that were damaged by the losses, but there is nevertheless damage (to wit: alleged foot traffic) – the last Award was vacated as Judge York found that "in conducting this appraisal, the umpire and appraisers exceeded the scope of their authority and determined issues of coverage, causation, and liability as opposed to simply the amount of loss." (D.E. 91 at PageID 915–16.).

Plaintiff would suggest that the same problem is rearing its head here and Toby is a Tennessee Umpire/Adjuster/Appraiser; Further proof appears to be how can award a

4

replacement of one roof due to a storm, but completely ignores the other roof and calls it foot traffic.

In 2001, the Court of Appeals of Tennessee noted that the purpose of an appraisal is to value the property loss and not to resolve disputes over coverage or causation issues. *See MerrimackMut. Fire Ins. Co. v. Batts,* 59 S.W.3d 142, 152-53 (Tenn. Ct. App. 2001). Specifically, the *Merrimack* Court defined the phrase "amount of the loss" to mean "the monetary value of the property damage," and found that the appraisal panel "did not have the prerogative to determine whether any particular loss claimed by [the insured] was caused by the tornado or whether [the insurer] was ultimately liable under its policy for the loss." *Id.* at 153. In other words, causation and coverage issues are properly left to the courts. *Id.; see also Harowitz,* 168 S.W. at 165. Furthermore, appraisals should be itemized and detailed so that the Court or jury can determine coverage and causation for each discrete components of damages. *Ingram v. State Farm*, 2021 WL 6133771 (W.D. Tenn. 2021).

IV. CONCLUSION

The Court should grant the Plaintiffs' Motion to set a reasonable fee for the umpire [DE 111] and order the umpire to issue the appraisal award forthwith.

Respectfully submitted,

 **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN 38177

**CERTIFICATE OF SERVICE**

5

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

JORDAN D. WATSON (BPR #038242)
CARR ALLISON
736 Market Street, Suite 1320
Chattanooga, Tennessee 37402
Attorney for Defendant, Western World Insurance Group

David S. Farber
THE FARBER LAW FIRM
Attorney for Petitioner
2199 Ponce De Leon Blvd., Suite 301
Coral Gables, FL 33134
Co-Counsel for Olympic Steakhouse

Brian Neal, Esq.
Matthew Rogers, Esq.
BURR & FORMAN LLP
222 Second Avenue South Suite 2000
Nashville, TN 37201
Attorney for Toby Johnson

This, the 29th day of July 2025

/s/**Drayton D. Berkley**
**Drayton D. Berkley**